UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20398-CR-UNGARO(s)(s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SULEIDY CANO,,

        Defendant.
_____/

### PRELIMINARY ORDER OF FORFEITURE

This matter comes before the Court on the United States' Motion for the entry of a Preliminary Order of forfeiture pursuant to Title 18, United States Code, Section 982(a)(7). Upon consideration of the motion and the record, the Court finds as follows:

1. On or about March 25, 2008, a federal grand jury sitting in the Southern District of Florida returned a third superceding Indictment charging SULEIDY CANO (hereinafter referred to as "defendant") with, inter alia, conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349 (Count 1).

2. The Indictment further sought the forfeiture of any property real or personal that is derived directly or indirectly from gross traceable to the commission of the offense pursuant to 18 U.S.C. § 982(a)(7).

3. On July 7, 2008 the defendant pled guilty to counts 1 and 45 of the Indictment and has agreed to the forfeiture of all property which is subject to forfeiture, and their substitutes, including:

a.  United States currency as follows: $32,292 seized from the residence of MABEL DIAZ and ABNER DIAZ, 14813 NW 87th Pl., Miami Lakes, FL 33018, on August 18, 2004;

b.  All funds on deposit at Bank of America, account number, 001596192468, in the name of All-Med Billing Corp.;

c.  All funds on deposit at Bank of America, account number, 001464435546, in the name of ABNER DIAZ or MABEL DIAZ;

d.  Real property located at 14813 NW 87th Pl., Miami Lakes, FL, and more particularly described as Lot 12, in Block 3, of West Lake Gardens First Addition, according to the plat thereof, as recorded in Plat Book 148, at Page 76, of the Public Records of Dade County, Florida, in the names of MABEL DIAZ and ABNER DIAZ;

e.  Real property located at 2295 SW 9 St., Miami, FL, and more particularly described as Lot 27 and 28, Block 1, Less the North 6 feet thereof, to Bryan Park Subdivision, according to the Plat thereof, as Recorded in Plat Book 5, at Page 69 of the Public Records of Miami-Dade County, Florida, in the name of A&M Holdings Group, Inc.;

f.  Real property located at 694 Mirror Lakes Ct., Lehigh Acres, FL 33936, and more particularly described as Lot 27, Block 27, Unit 9, Section 16, Township 45 South, Range 27 East, LEHIGH ACRES, according to the plat thereof, recorded in Plat Book 27, Page 172, of the Public Records of Lee County, Florida, in the name of ABNER DIAZ;

g.  All proceeds of the sale of real property located at 15890 W. Prestwick Pl, Miami Lakes, FL 33014, and more particularly described as Lot 41, Block 1, of MIAMI LAKES LOCH LOMOND SECTION, according to the plat thereof, as recorded in Plat Book 76, Page 91, of the Public Records of Miami-Dade County, Florida, formerly in the names of MABEL DIAZ and ABNER DIAZ;

h.  All proceeds of the sale of real property located at 7950 NW 155 St, Ste. 101, Hialeah, FL 33018, and more particularly described as Units No. A-1 through A-12, inclusive, B1 through B12, inclusive, E-1 through E-12, inclusive, and F1 through F12, inclusive Building B, of ROYAL OAKS PROFESSIONAL CENTER CONDOMINIUM, a Condominium, according to the Declaration and Exhibits annexed thereto, as recorded in Official Records Book 20272, at page 4141, of the Public Records of Miami-Dade County, Florida, formerly in the name of A&M Holdings Group, Inc.;

2

i. One Patek Philippe wristwatch, Reference 5100 10-Day Power Reserve, Year 2000, Rose Gold, Movement # 3201818, delivered by Federal Express to the residence of AMRY GARCIA, 4956 SW 162nd Avenue, Miramar, Florida, on October 3, 2007 and seized the same day;

j. Real property located at 8020 W. 23 Ave., Unit 4 Bldg. A, Hialeah, FL, and more particularly described as Unit No. 4, Building A, of FMG INDUSTRIAL CONDOMINIUM, according to the Declaration of Condominium thereof as recorded in Official Records Book 21500 at Page 0963, under Clerk's File No. 20030550841, in the Public Records of Miami-Dade County, Florida, in the name of A&M Holdings Group, Inc.;

k. All proceeds of the sale of real property located at 1821 NW 59 St., Miami, FL 33142, and more particularly described as Lot 6, in Block 6, of NORMANDY PARK, according to the Plat thereof, as recorded in Plat Book 25, at Page 15, of the Public Records of Miami Dade County, Florida, formerly in the name of A&M Holdings Group, Inc.;

l. Real property located at 6288 NW 186 St., #204, Hialeah, FL 33015, and more particularly described as Building 6288, Unit 204, MEDITERRANEAN VILLAS, a Condominium according to the Declaration of Condominium thereof, as recorded in Official Records Book 24438, at Page 4037, of the Public Records of Miami-Dade County, Florida; together with an undivided interest in the common elements appurtenant thereto, in the name of SULEIDY CANO;

m. 206 pieces of jewelry seized from the residence of MABEL DIAZ and ABNER DIAZ, 14813 NW 87th Pl., Miami Lakes, FL 33018, on August 18, 2004;

n. The following items seized from the residence of AMRY GARCIA, 4956 SW 162nd Avenue, Miramar, Florida, on October 3, 2007:
   i. United States currency as follows: $19,100;

   ii. 31 satellite television access cards from Dish TV and 12 satellite television access cards from Direct TV;

   iii. DVDs and CDs labeled as containing movies and software respectively; and

   iv. One generic (unbranded) standalone computer with four hard drives and other computer components and electronic equipment, including satellite television access card programmers.

4. The defendant is scheduled to be sentenced on August 29, 2008.

5. Therefore, in consideration of the defendant's guilty plea, the plea colloquoy and upon motion of the United States and for good cause shown thereby, it is hereby ORDERED that:

a). All right, title, claim and interest of: Suleidy Cano in the assets listed in paragraph 3 is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 982 (a)(7).

b). The United States Marshals Service, or any duly authorized law enforcement official, may seize and take custody of the assets listed in paragraph 3 pursuant to 21 U.S.C. § 853(g) as soon as practicable.

c). The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6). The notice shall state that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

d). The United States may provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

It is further ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture.

DONE AND ORDERED at Miami, Florida on this 25 day of August, 2008.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:   AUSA Karen Moore ( 5 certified copies)